UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

| | |
|---|---|
| F.A. and S.H. individually and on behalf of N.A-H., | COMPLAINT |
| *Plaintiff*, | Court File No. 26-cv-7513 |
| - against - | |
| New York City Department of Education | IHO Case No. 296137 |
| *Defendant*. | |

-----------------------------------------------------------X

F.A. and S.H. individually and on behalf of N.A-H., a child with a disability, for their complaint hereby allege:

1. This is an action brought pursuant to the fee shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1415(i)(3).
2. At all times relevant to this action, Plaintiffs F.A. and S.H. and their child, N.A-H., resided within the territorial jurisdiction of the defendant New York City Department of Education ("Defendant" or "Department").
3. Plaintiffs F.A. and S.H. are the parents of a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).
4. Defendant is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 *et seq.* and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

5. Jurisdiction is predicated upon 28 U.S.C. §1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.
6. Venue is predicated upon 28 U.S.C. §1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. §1391(b)(2) based upon the location of the subject matter of this action.

**FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS**

7. By letter dated July 1, 2025, F.A. and S.H. requested a due process hearing on behalf of N.A-H. pursuant to 20 U.S.C. §1415(f)(1).
8. Plaintiffs F.A. and S.H. sought a determination that the Department had denied their child a free appropriate public education, an order for reimbursement and/or direct funding for tuition, ABA services, BCBA services, Speech Language Therapy services, Occupational Therapy Services, Physical Therapy services, Transportation Services, and such other relief as the impartial hearing officer would determine to be fair and just.
9. Impartial Hearing Officer ("IHO") Michele Host was assigned to the matter under Case No. 296137.
10. An impartial hearing was conducted on October 28, 2025 and October 29, 2025.
11. Following the close of hearing, the IHO issued a decision ("IHO Decision") dated November 26, 2025.

12. The IHO found that the Department had denied the student a free appropriate public education for the 2024-2025 school year and ordered the Department shall reimburse the Parent for the amount she has paid toward the student's 12-month 2025-2026 tuition at the Private School and directly fund the remaining tuition owed in a total amount not to exceed $186,550.00; the Department shall directly fund 16 hours of home-based ABA per week for the student's 12-month 2025-2026 school year, by providers of the Parent's choice, at the providers' prevailing rate; the Department shall directly fund 5 hours per week of at-home BCBA supervision for the student's 12-month 2025-2026 school year, to be provided by the BCBA, at a rate not to exceed $250.00 per hour; the Department shall directly fund 2 hours per week of at-home PROMPT-based speech-language therapy for the student's 12-month 2025-2026 school year, to be provided by the Speech-Language Agency, at a rate not to exceed $195.00 per hour; the Department shall directly fund 5 hours per week of at-home occupational therapy for the student's 2025-2026 school year, to be provided by a licensed provider of the Parent's choice, at the provider's prevailing rate; the Department shall directly fund 5 hours per week of at-home physical therapy for the student's 12-month 2025-2026 school year, to be provided by the Physical Therapist, at a rate not to exceed $380.00 per hour; the Department shall directly fund 2 hours per week of parent training for the Parents for the 2025-2026 school year, to be provided by the BCBA, at a rate not to exceed $165.00 per hour; the Department shall provide the student with round-trip transportation to and from the Private School for the 12-month 2025-2026 school year on an air-conditioned mini-bus with limited travel time and fewer students.

13. Neither party appealed the decision of the IHO. Thus, the decision is final.

14. Plaintiffs are a prevailing party by virtue of the IHO's decision.

**FIRST CAUSE OF ACTION**

15. Plaintiffs repeat and reallege paragraphs 1 through 14 as if more fully set forth herein.
16. Plaintiffs have submitted to the Department a request for payment for services rendered ("attorney fee claim").
17. Plaintiffs have attempted, without success, to resolve the attorney fee claim.
18. Settlement negotiations have not occurred because Respondent has been unresponsive to attempts to initiate settlement discussions.
19. Plaintiffs hereby demand reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.
20. Defendant has not satisfied its obligation to pay attorney fees in a timely fashion. Thus, Plaintiffs demand prejudgment interest.

**SECOND CAUSE OF ACTION**

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as if more fully set forth herein.
22. Plaintiffs hereby demand reasonable attorney fees and expenses for services rendered on this action.

WHEREFORE, Plaintiffs respectfully requests that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiffs costs, expenses, and attorney fees together with prejudgment interest for the administrative proceedings pursuant to 20 U.S.C. §1415;

(3) Award to Plaintiffs the costs, expenses, and attorney fees of this action pursuant to 20 U.S.C. §1415; and

(4) Grant such other and further relief as the Court deems just and proper.

Dated: September 2, 2026
New York, New York

Respectfully,

*/s/ Adam Dayan*

______________________________

Adam Dayan, Esq. (AD 5445)
*Attorney for Plaintiffs*
Law Offices of Adam Dayan, PLLC
85 Broad St, 17th Floor
New York, New York 10004
Phone: (646) 866-7157
Facsimile: (646) 866-7541
adayan@dayanlawfirm.com